FILED
2005 Aug-08 PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA



United States District Court
Northern District of Alabama
Western Division

| | |
|---|---|
| Michelle M. Ayers, as widow and dependant of Timothy Ayers, a deceased worker, et al., ] ] ] ] | |
| Plaintiff, ] | CV-05-CO-1044-W |
| ] vs. ] ] | |
| Harden Manufacturing Corp., and Pfizer, Inc., ] ] ] | |
| Defendants. ] ] | |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiff filed suit against Harden Manufacturing Corporation, ("Harden") and Pfizer, Inc., ("Pfizer") in the Circuit Court of Winston County, Alabama, on April 14, 2005. In her complaint, Plaintiff asserted a state law cause of action for workmen's compensation benefits against Harden in Count One and state law tort causes of action against Pfizer in the remaining counts.

Pfizer removed the action to this Court on May 18, 2005, asserting

jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).  Pfizer also filed a Motion to Sever and Remand Count One on May 18, 2005.  In its Motion to Sever and Remand, Pfizer contends that the Court should sever Count One and remand it to the Circuit Court of Winston County, Alabama on the basis that it was improperly joined with the remainder of the complaint.

Plaintiff, in her response to the Motion to Sever and Remand, argues that the claims were not improperly joined and that the case should be remanded in its entirety to the Circuit Court of Winston County, Alabama.

Upon due consideration, and for the reasons that follow, the Court is of the opinion that the Motion to Sever and Remand Count One is due to be denied and that the entire case will be remanded.

II.   Facts.

According to the complaint, Plaintiff's decedent, Timothy Ayers, was employed with Harden on or about April 14, 2001, when he fell and crushed his foot.  As a part of the medical treatment for the injuries he received on the job, he was prescribed Bextra.  Bextra is a pain medication manufactured by Pfizer.  According to Plaintiff, Timothy Ayers died as a

result of consuming the prescribed Bextra.

III.   Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).    Pfizer bears the burden of establishing subject-matter jurisdiction. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

IV.   Discussion.

Before this Court can exercise diversity jurisdiction, there must exist complete diversity of citizenship. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v.*

*John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Harden is a non-diverse defendant. Acknowledging this, Pfizer contends that Harden's citizenship should not be considered because the claims against Harden were fraudulently joined with the claims against Pfizer. Pfizer urges this Court to exercise jurisdiction over the case, sever Count One (the claim for workmen's compensation benefits against Harden) and remand only that count to the state court. Plaintiff contests the jurisdiction of the Court and insists that all of the case is due to be remanded.

It is a correct statement that this Court is free to disregard the citizenship of any defendant it determines to be fraudulently joined. *Id.* It is also correct that Count One is a claim for workmen's compensation benefits. "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Thus, Count One, seeking workmen's compensation benefits, is not removable. *See Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112 (5th Cir. 1998).

Considering this statute, there is a creditable argument that this case can not be removed so long as the workmen's compensation claim remains

a part of the complaint, even if the parties were diverse.[1]  Assuming, however, that the removal of this case is not prohibited by the operation of 28 U.S.C. § 1445(c), the question then is whether the claim seeking workmen's compensation benefits was fraudulently joined with the tort claims against Pfizer.

Pfizer cites this Court to *Triggs* in support of its contention that the workmen's compensation claim was fraudulently joined.  In *Triggs*, the Eleventh Circuit described three situations when a defendant can be considered to have been fraudulently joined.

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse

---

[1] A removal, severance, and remand of a workmen's compensation claim may not be as troubling if the defendant was asserting federal question jurisdiction and relying on 28 U.S.C. § 1441(c).

defendant has no real connection to the claim against the nondiverse defendant.

*Triggs* at 1287.

Pfizer relies on the third instance of fraudulent joinder described in *Triggs*. Pfizer maintains that it is "a diverse defendant . . . joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant." (Mot. to Sever and Remand. at 2.)

While Pfizer may meet the first requirement of that exception, it fails to demonstrate that the claims against it have "no real connection to the claim against" Harden. The claims against Pfizer seek to recover for the death of Timothy Ayers. The claim against Harden is also for the death of Timothy Ayers. In each of the claims, the plaintiff asserts that the death was due to the consumption of a drug manufactured by Pfizer.

It is interesting that neither of the parties cited this Court to *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270 (M.D. Ala. 2001). In *Brooks*, Judge Albritton discussed in detail the issue of fraudulent joinder in a case where the plaintiff sued his non-diverse employer in one count for workmen's

compensation benefits and sued diverse defendants in the other counts for causing his on-the-job injury. The removing defendants in *Brooks* made substantially the same arguments as Pfizer in this case. The Court finds the reasoning set forth in *Brooks* on this issue persuasive.

Even though the claim against Pfizer is for injuries Timothy Ayers received after his original on-the-job injury, that injury was alleged to be the result of treatment he received for his on-the-job injury. The claim for workmen's compensation benefits from Harden as well as the claim for damages from Pfizer are based on the consumption of a drug manufactured by Pfizer. Pfizer has failed to demonstrate that Harden was fraudulently joined and thus has failed to establish subject-matter jurisdiction.

V.    Conclusion.

The Court is of the opinion that it does not have jurisdiction over the claims against the defendants. This case will be remanded to the Circuit Court of Winston County, Alabama. A separate order will be entered.

Done this <u>8th</u> day of <u>August 2005</u>.

                                              _____
                                                     L. SCOTT COOGLER
                                     UNITED STATES DISTRICT JUDGE
                                                           124153